PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:20CR815 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARIO JACKSON, *a/k/a Mario L. Jackson*, | ) | |
| | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 60] |

Pending before the Court is Defendant's Motion in Limine to Exclude Expert Testimony. ECF No. 60.  The motion has been fully briefed.  ECF Nos. 62, 65.  After reviewing the parties' filings and applicable law, the Court hereby denies Defendant's motion.

## I.  Introduction

Defendant seeks to exclude the expert testimony of Special Agent Cory Miles of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("SA Miles") and Patrolman Ryan Tieber of the Broadview Heights Police Department ("Ptl. Tieber") because (1) the Government "failed to provide adequate summaries of [the] expert testimony, despite [Defendant]'s request, in accord with [Fed. R. Crim. P. 16(a)(1)(G)]" (*Id*. at PageID #: 279) and specifically, (i) the Government "fails to provide the opinion(s) Ptl. Tieber will testify to, and further, fails to provide any basis or reason for the unmentioned opinion(s)" (*Id*.) , and (ii) the Government "fails to provide any basis or reason for the opinion(s) SA Miles will testify to, despite explicitly stating his opinions" (*Id*. at PageID #: 280), and (2) the Government failed to

(1:20CR815)

include notice of the evidentiary issue regarding expert testimony within their Trial Brief (ECF No. 51).  ECF No. 60 at PageID #: 280 – 281.  Also, Defendant requests that SA Miles be limited to testimony regarding the origin, identification and operational state of the two firearms relevant, and not be permitted to testify about the nexus between firearms and drug trafficking. *Id*. at PageID #: 284.

In response, the Government  argues for the motion's (ECF No. 62) denial because (1) Defendant was on notice of the testimony of Ptl. Tieber and SA Mills because it is "no surprise that the United States would present evidence related to drug trafficking as part of its case-in-chief at trial or that Officer Tieber would testify regarding Defendant's arrest and [the officer's] experience in similar circumstances in which he encountered drug traffickers" (*Id*. at PageID #: 292) and "Defendant has known about [SA Mills'] testimony since [Defendant] received the interstate nexus report and curriculum vitae in January 2021" as well as the Government's witness list (*Id*. at PageID #: 293), (2) Defendant "has not been prejudiced, nor could he articulate a prejudice related to being unprepared to address an issue present in the case for over a year and a half" (*Id*. at PageID #: 294), and (3) Ptl. Tieber qualifies as an expert pursuant to Fed. R. Evid. 702 because of his lengthy experience (over 20 years) in law enforcement which has included training in Drug Investigations and Undercover Drug Investigation (ECF Nos. 62 at PageID #: 295 – 297, 62-1, 62-2).

## II.  Discussion

A motion in limine is "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *United States v. Walsh*, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).  "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the

2

(1:20CR815)

discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

"This preliminary ruling allows the parties to consider the court's ruling in formulating their trial

strategy." *Id*.

 While the Court appreciates that the Government filed its Notices to Introduce Expert

Testimony (ECF Nos. 56, 58) just five days prior to trial, an important reason that the trial was

scheduled so quickly was due to Defendant's indecisiveness regarding the entry of a guilty plea.[1]

*See* ECF No. 46 (Defendant Notice of Intent to Plea), 6/27/2022 Minutes, 6/30/2022

Minutes.  Also, as the Government points out, this matter has been pending since December 3,

2020 and continued multiple times.  ECF Nos. 10 (First Indictment) 17, 28, 32, 37, 39, 50, 52

(Orders to Continue).[2]  The length of time the matter has been pending and number of times it

has been continued, each instance due to Defendant's request or indecisiveness, makes

Defendant's argument that the Government's proffered experts were unexpected

unpersuasive.  After negotiating and executing a written plea agreement, it is unlikely that the

defense has been ambushed by the Government.[3]  The Court is not convinced that Defendant or

---

[1] After several continuances (discussed in more detail below), trial was to begin on June 28, 2022.  Defendant gave notice of his intent to plead guilty on June 19, 2022.  ECF No. 46.  On June 30, 2022, Defendant informed the Court that he intended to proceed to trial.  The earliest possible trial date was scheduled.

[2] Four of the first five Orders to Continue Trial (ECF Nos. 17, 28, 32, 39) were issued in response to an Unopposed Motion to Continue by Defendant (ECF Nos. 16, 25, 29, 38).  The remaining three Orders (ECF Nos. 37, 50, 52) were issued after proceedings with the Court regarding Defendant's dissatisfaction with the Court's rulings and defense counsel, or Defendant's indecision about entering a guilty plea.  ECF No. 35; 6/27/2022 Minutes; and 6/30/2022 Minutes.

[3] A trial court has no involvement in plea negotiations.  That is certainly true in this case.  When resolving a motion, the Court is not required, however, to ignore information presented by the parties that pertains to the case and specifically aids in

(1:20CR815)

his experienced, CJA-appointed, trial counsel have been caught off-guard by the Government's

intention to offer the testimony of an experienced Patrolman who conducted the traffic stop of

Defendant, giving rise to the instant charges.

Indeed, testimony from law enforcement officers is routinely permitted in criminal cases.

*United States v. Gowder*, 841 F. App'x 770, 781 (6th Cir. 2020) (permitting expert testimony of

law enforcement officer who "had ample experience, including fifteen years in law enforcement,

numerous drug-trafficking investigations, and more than a dozen pill-mill investigations");

*United States v. Assfy*, No. 20-1630, 2021 WL 2935359, at *3 (6th Cir. July 13, 2021) (citing

*United States v. Maya*, 966 F.3d 493, 505 (6th Cir. 2020)) (acknowledging that the Sixth Circuit

has "routinely [held] that testimony concerning the 'common practices of the drug trade,'" by

law enforcement officers is admissible).

Also, the Court reasons that the parties' argument regarding SA Mills' testimony is moot

because Defendant appears to only object to SA Mills testifying about the nexus between drug

trafficking and firearm possession, but the Government represents that it does not intend to elicit

testimony on that subject from SA Mills.  Counsel should alert the Court if circumstances

change.

---

resolving such a motion.  Without opining on how a jury, the finder of fact in this case, will receive the government's case-in-chief, the Court and the defense were given a summary of that evidence in the written plea agreement.  On June 27, 2022, the Court began a plea colloquy with Defendant based on that written plea agreement signed, on June 16, 2022, by Defendant and all counsel.  The Factual Basis and Relevant Conduct and Waiver of Appeal and Post-Conviction Attack sections of that written agreement make clear that Defendant was aware of the evidence that the government could present at trial and challenges that he might make to such evidence.

(1:20CR815)

### III.  Conclusion

For the reasons above, Defendant's motion (ECF No. 60) is denied.


IT IS SO ORDERED.



July 10, 2022                                                                    /s/ Benita Y. Pearson
Date                                                                             Benita Y. Pearson
                                                                                 United States District Judge

5